DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE1713)
MALOOF BROWN & EAGAN LLC
411 Theodore Fremd Avenue -Suite 190
Rye, New York 10580
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF      :
AMERICA

                                      :

                  *Plaintiff,*

                                      :

       - against -

                                      :

HANKYU EXPRESS INTERNATIONAL CO.,
LTD., and KOREAN AIR LINES CO., LTD.,  :

              *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**07 CIV. 6476**

**COMPLAINT**

**JUDGE KOELTL**

      Plaintiff, Sompo Japan Insurance Company of America (hereinafter "Sompo" or "Plaintiff"), by its attorneys, Maloof, Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

      1.     This Court had subject matter jurisdiction pursuant to the Warsaw Convention, as amended (a treaty of the U.S.) enacted in this country at 49 U.S.C. § 40105 ("Warsaw Convention"), and/or The Convention for Unification of Certain Rules of International Carriages by air 1999 ("Montreal Convention"), supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and/or, a statute of the United States regulating commerce (49 U.S.C. 14706), and or federal common law to 28 U.S.C. § 1331.

2.    At all times material hereto, the Plaintiff was and is a corporation organized and existing under and by virtue of the laws of New York and was the insurer of the Shipments which are the subject matter of this action.

3.    Upon information and belief, Defendant Hankyu Express International Co., Ltd. ("Hankyu") is a foreign corporation organized and existing under and by virtue of the laws of a foreign nation and was and is at relevant times engaged in business as a common carrier of goods by air for hire.

4.    Upon information and belief, Defendant Korean Air Lines, Co., Ltd., ("KAL") is a foreign corporation organized and existing under the laws of Korea, with its primary place of business in Seoul, Korea and was and is at relevant times engaged in business as a common carrier of goods by air for hire.

## A. JULY SHIPMENT

5.    On or about July 20, 2005 there was delivered unto KAL and Hankyu at Tokyo, Japan a shipment of 2,400 PCS Automotive Component Parts (the "July Shipment"), all then being in good order and condition. KAL and Hankyu then and there accepted the July Shipment so delivered unto it. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, KAL and Hankyu further agreed to transport and carry said July Shipment to Atlanta, Georgia by air, and there deliver same in like good order and condition to Plaintiff's assured or its designee. The cargo was further described in certain Air Waybills numbered HEI-30020594 and 180-5027 6041 issued by Hankyu and KAL respectively.

6.    The said July Shipment did not arrive at its destination in like good order and condition as when shipped, delivered to and received by KAL and Hankyu, but on the

contrary, was damaged and seriously impaired in value, all in violation of KAL and Hankyu's obligation and duties as common carriers by air and/or otherwise.

7.    KAL and Hankyu, upon information and belief, acted negligently, recklessly and/or engaged in willful misconduct in that they acted with willful, wanton, and reckless disregard for the safekeeping of the July Shipment within the meaning of the Warsaw Convention or otherwise, because they or their agents knowingly or recklessly permitted the July Shipment to be damaged.

8.    Plaintiff insured the July Shipment and paid certain damages incurred by its assured due to the July Shipment having been damaged by KAL and Hankyu. Plaintiff brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said July Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

9.    Plaintiff and its assured have performed all conditions on their parts to be performed.

10.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be U.S. $18,000.

**B. OCTOBER SHIPMENT**

11.    On or about October 12, 2005 there was delivered unto Hankyu at Tokyo, Japan a shipment of 1,920 PCS Automotive Component Parts (the "October Shipment"), all then being in good order and condition. Hankyu then and there accepted the October Shipment so delivered unto it. In consideration of certain agreed freight charges thereupon paid or agreed to

be paid, Hankyu further agreed to transport and carry said October Shipment to Atlanta, Georgia

by air, and there deliver same in like good order and condition to Plaintiff's assured or its

designee. The cargo was further described in a certain Air Waybill numbered HEI-30028592

issued by Hankyu.

12.    The said October Shipment did not arrive at its destination in like good

order and condition as when shipped, delivered to and received by Hankyu, but on the contrary,

was damaged and seriously impaired in value, all in violation of Hankyu's obligation and duties

as a common carrier by air and/or otherwise.

13.    Hankyu, upon information and belief, acted negligently, recklessly and/or

engaged in willful misconduct in that it acted with willful, wanton, and reckless disregard for the

safekeeping of the October Shipment within the meaning of the Warsaw Convention or

otherwise, because it or its agents knowingly or recklessly permitted the October Shipment to be

damaged.

14.    Plaintiff insured the October Shipment and paid certain damages incurred

by its assured due to the October Shipment having been damaged by Hankyu. Plaintiff brings

this action on its own behalf and as agents and trustees on behalf of and for the interest of all

parties interested in and who were damaged as a result of the damage suffered by the said

October Shipment, as their respective interests may ultimately appear, and Plaintiff is duly

entitled to maintain this action.

15.    Plaintiff and its assured have performed all conditions on their parts to be

performed.

16.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as

the same can now be estimated, no part of which has been paid although duly demanded, in a

4

sum estimated to be U.S. $10,000.

## C. SEPTEMBER SHIPMENT

17.    On or about September 14, 2005 there was delivered unto Hankyu at Tokyo, Japan a shipment of 1,920 PCS Automotive Component Parts (the "September Shipment"), all then being in good order and condition. Hankyu then and there accepted the September Shipment so delivered unto it. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Hankyu further agreed to transport and carry said September Shipment to Atlanta, Georgia by air, and there deliver same in like good order and condition to Plaintiff's assured or its designee. The cargo was further described in a certain Air Waybill numbered HEI-30025763 issued by Hankyu.

18.    The September Shipment did not arrive at its destination in like good order and condition as when shipped, delivered to and received by Hankyu, but on the contrary, was damaged and seriously impaired in value, all in violation of Hankyu's obligation and duties as a common carrier by air and/or otherwise.

19.    Hankyu, upon information and belief, acted negligently, recklessly and/or engaged in willful misconduct in that it acted with willful, wanton, and reckless disregard for the safekeeping of the September Shipment within the meaning of the Warsaw Convention or otherwise, because it or its agents knowingly or recklessly permitted the September Shipment to be damaged.

20.    Plaintiff insured the September Shipment and paid certain damages incurred by its assured due to the September Shipment having been damaged by Hankyu. Plaintiff brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by

the said September Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

21.     Plaintiff and its assured have performed all conditions on their parts to be performed.

22.     By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be U.S. $18,000

**FIRST CAUSE OF ACTION**
**AS TO THE JULY SHIPMENT**
**BREACH OF CONTRACT AND/OR**
**DUTIES UNDER THE WARSAW CONVENTION**
**AND/OR THE MONTREAL CONVENTION**
**OR OTHER TREATIES OF THE UNITED STATES**
**(As Against KAL and Hankyu)**

23.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 22 above.

24.     By reason of the foregoing, KAL and Hankyu are or acted as common carriers of merchandise by air in international transportation for hire within the meaning of the Warsaw Convention and/or the Montreal Convention and/or other applicable treaties and/or the contract of carriage and breached said duties under said Conventions and under the contract of carriage.

25.     By reason of the foregoing, KAL and Hankyu have caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

## SECOND CAUSE OF ACTION
## AS TO THE JULY SHIPMENT
## BREACH OF BAILMENT OBLIGATIONS
### (As Against KAL and Hankyu)

26.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 25 above.

27.    KAL and Hankyu were acting as bailees of or otherwise had a duty to care for the July Shipment at the times it was damaged. KAL and Hankyu were thereby, or through their contractors, agents, servants, or sub-bailees, parties who warranted and had a legal duty to safely keep, care for, and deliver the said July Shipment in the same condition as when entrusted to them and to perform their services as party or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. KAL and Hankyu breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the July Shipment in as good condition as when entrusted to them.

28.    By reason of the foregoing, KAL and Hankyu have caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

## THIRD CAUSE OF ACTION
## AS TO THE JULY SHIPMENT
## NEGLIGENCE
### (As Against KAL and Hankyu)

29.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-28 above.

30.    KAL and Hankyu by their negligence, damaged the July Shipment. KAL and Hankyu therefore negligently failed to deliver the July Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them.

31.    By reason of the foregoing, KAL and Hankyu have caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

## FOURTH CAUSE OF ACTION
## AS TO THE OCTOBER SHIPMENT
## BREACH OF CONTRACT AND/OR
## DUTIES UNDER THE WARSAW CONVENTION
## AND/OR THE MONTREAL CONVENTION
## OR OTHER TREATIES OF THE UNITED STATES
### (As Against Hankyu Only)

32.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 31 above.

33.    By reason of the foregoing, Hankyu is or acted as a common carrier of merchandise by air in international transportation for hire within the meaning of the Warsaw Convention and/or the Montreal Convention and/or other applicable treaties and/or the contract of carriage and breached said duties under said Conventions and under the contract of carriage.

34.    By reason of the foregoing, Hankyu has caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $10,000.

## FIFTH CAUSE OF ACTION
## AS TO THE OCTOBER SHIPMENT
## BREACH OF BAILMENT OBLIGATIONS
### (As Against Hankyu Only)

35.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 34 above.

36.    Hankyu was acting as a bailee of or otherwise had a duty to care for the October Shipment at the times it was damaged. Hankyu was thereby, or through its contractors,

agents, servants, or sub-bailees, a party who warranted and had a legal duty to safely keep, care

for, and deliver the said October Shipment in the same condition as when entrusted to it and to

perform its services as party or to ensure that those services were performed with reasonable care

and in a non-negligent and workmanlike manner. Hankyu breached those obligations and

negligently failed to deliver to Plaintiff's assured or its designee the October Shipment in as good

condition as when entrusted to it.

37.    By reason of the foregoing, Hankyu has caused damage to Plaintiff and to

the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $10,000.

**SIXTH CAUSE OF ACTION**
**AS TO THE OCTOBER SHIPMENT**
**NEGLIGENCE**
**(As Against Hankyu Only)**

38. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 37

above.

39.    Hankyu by its negligence, damaged the October Shipment. Hankyu

therefore negligently failed to deliver the October Shipment to Plaintiff's assured, or its

designee, in as good condition as when entrusted to it.

40.    By reason of the foregoing, Hankyu has caused damage to Plaintiff and to

the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $10,000.

## SEVENTH CAUSE OF ACTION
## AS TO THE SEPTEMBER SHIPMENT
## BREACH OF CONTRACT AND/OR
## DUTIES UNDER THE WARSAW CONVENTION
## AND/OR THE MONTREAL CONVENTION
## OR OTHER TREATIES OF THE UNITED STATES
### (As Against Hankyu Only)

41.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 40 above.

42.    By reason of the foregoing, Hankyu is or acted as a common carrier of merchandise by air in international transportation for hire within the meaning of the Warsaw Convention and/or the Montreal Convention and/or other applicable treaties and/or the contract of carriage and breached said duties under said Conventions and under the contract of carriage.

43.    By reason of the foregoing, Hankyu has caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

## EIGHTH CAUSE OF ACTION
## AS TO THE SEPTEMBER SHIPMENT
## BREACH OF BAILMENT OBLIGATIONS
### (As Against Hankyu Only)

44.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 43 above.

45.    Hankyu was acting as a bailee of or otherwise had a duty to care for the September Shipment at the times it was damaged. Hankyu was thereby, or through its contractors, agents, servants, or sub-bailees, a party who warranted and had a legal duty to safely keep, care for, and deliver the said September Shipment in the same condition as when entrusted to it and to perform its services as party or to ensure that those services were performed with

reasonable care and in a non-negligent and workmanlike manner.  Hankyu breached those

obligations and negligently failed to deliver to Plaintiff's assured or its designee the September

Shipment in as good condition as when entrusted to it.

46.     By reason of the foregoing, Hankyu has caused damage to Plaintiff and to

the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $18,000.

## NINTH CAUSE OF ACTION
## AS TO THE SEPTEMBER SHIPMENT
## NEGLIGENCE
### (As Against Hankyu Only)

47. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 46

above.

48.     Hankyu by its negligence, damaged the September Shipment.  Hankyu

therefore negligently failed to deliver the September Shipment to Plaintiff's assured, or its

designee, in as good condition as when entrusted to it.

49.     By reason of the foregoing, Hankyu has caused damage to Plaintiff and to

the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $18,000.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendants citing

them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendants, for

the amount of Plaintiff's damages, together with interest and costs and the disbursements of this

action; and

11

3.    That this Court will grant to Plaintiff such other and further relief as may

be just and proper.

Dated:  Rye, New York
        July 17, 2007

                                        MALOOF BROWNE & EAGAN LLC

                                        By:  _____
                                             David T. Maloof (DM 3350)
                                             Thomas M. Eagan (TE1713)
                                        411 Theodore Fremd Avenue Suite 190
                                        Rye, New York 10580
                                        *Attorneys for Plaintiff*

F:\WP-DOCS\2503.87\071607 Complaint.doc