UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   AH-3515
SOMPO JAPAN FIRE INSURANCE                      :
COMPANY OF AMERICA,
                                                :
                       Plaintiff,               :    07-CV-6476 (JGK) (THK)
                                                :
          - against -                                **ANSWER**
                                                :
HANKYU EXPRESS INTERNATIONAL
CO., LTD., and KOREAN AIR LINES CO.,            :
LTD.,
                                                :
                       Defendants.
                                                :
----------------------------------------------------------------x

      Defendant KOREAN AIR LINES CO., LTD. (hereinafter "KAL"), by its attorneys Clyde & Co US LLP, answers plaintiff's Complaint as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 3 of the Complaint and leaves all questions of law for the Court.

      2.    Denies the allegations in paragraph 4 of the Complaint except admits that KAL is a foreign corporation organized and existing under the laws of the Republic of Korea and is engaged in the international carriage by air of passengers, baggage, and cargo.

**AS TO THE JULY SHIPMENT**

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 through 10 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraphs 5 through 10 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL except admits that KAL contracted to transport a shipment of automotive component parts from Tokyo,

Japan to Atlanta, Georgia pursuant to air waybill no.180-5027 6041 and leaves all questions of law for the Court.

## AS TO THE OCTOBER SHIPMENT

4.     The allegations in paragraphs 11 through 16 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 11 through 16 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE SEPTEMBER SHIPMENT

5.     The allegations in paragraphs 17 through 22 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 17 through 22 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE FIRST ALLEGED CAUSE OF ACTION

6.     Answering paragraph 23 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 5 of this Answer and with the same force and effect as if set forth in full.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 24 and 25 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraphs 24 and 25 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

## AS TO THE SECOND ALLEGED CAUSE OF ACTION

8.      Answering paragraph 26 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 7 of this Answer and with the same force and effect as if set forth in full.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27 and 28 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraphs 27 and 28 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

## AS TO THE THIRD ALLEGED CAUSE OF ACTION

10.     Answering paragraph 29 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 9 of this Answer and with the same force and effect as if set forth in full.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30 and 31 of the Complaint to the extent they are directed at parties other than KAL.  Denies the allegations in paragraphs 30 and 31 of the Complaint to the extent they are directed toward KAL or can be construed to assert a claim against KAL and leaves all questions of law for the Court.

## AS TO THE FOURTH ALLEGED CAUSE OF ACTION

12.     Answering paragraph 32 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 11 of this Answer and with the same force and effect as if set forth in full.

13.     The allegations in paragraphs 33 and 34 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 33 and 34 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE FIFTH ALLEGED CAUSE OF ACTION

14.     Answering paragraph 35 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 13 of this Answer and with the same force and effect as if set forth in full.

15.     The allegations in paragraphs 36 and 37 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 36 and 37 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE SIXTH ALLEGED CAUSE OF ACTION

16.     Answering paragraph 38 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 15 of this Answer and with the same force and effect as if set forth in full.

17.     The allegations in paragraphs 39 and 40 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 39 and 40 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE SEVENTH ALLEGED CAUSE OF ACTION

18.     Answering paragraph 41 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 17 of this

4

Answer and with the same force and effect as if set forth in full.

19.    The allegations in paragraphs 42 and 43 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 42 and 43 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE EIGHTH ALLEGED CAUSE OF ACTION

20.    Answering paragraph 44 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 19 of this Answer and with the same force and effect as if set forth in full.

21.    The allegations in paragraphs 45 and 46 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 45 and 46 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS TO THE NINTH ALLEGED CAUSE OF ACTION

22.    Answering paragraph 47 of the Complaint, KAL repeats, reiterates and realleges each and every allegation, admission and denial set forth in paragraphs 1 through 21 of this Answer and with the same force and effect as if set forth in full.

23.    The allegations in paragraphs 48 and 49 of the Complaint are not directed toward KAL and, accordingly, KAL makes no response thereto.  To the extent the allegations in paragraphs 48 and 49 of the Complaint can be construed to assert a claim against KAL, they are denied.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

24.    The Complaint fails to state a claim against KAL upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

25.    The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

26.    Pursuant to Articles 18 and/or 20 of the Montreal Convention, KAL's tariffs, KAL's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, KAL is not liable to plaintiffs for the loss or damage described in the Complaint because the alleged loss or damage (a) did not occur during the period of carriage by air, and/or (b) was caused or contributed to by an inherent defect, quality or vice of the cargo, defective packaging of the cargo and/or the negligence of plaintiffs their agents, servants, or employees.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

27.    The liability of KAL, if any, is limited pursuant to Article 22 of the Montreal Convention and/or KAL's tariffs and conditions of carriage as set forth in the relevant contract of carriage.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

28.     Pursuant to its tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or the applicable local law, KAL is not liable to plaintiffs or, in the alternative, KAL's liability is limited.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

29.     Plaintiffs' alleged damages resulted from the acts or omissions of parties other than KAL and for whom KAL is not responsible and, therefore, KAL is not liable to plaintiffs or, alternatively, KAL' liability to plaintiffs is partial only and should be reduced in accordance with applicable law.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

30.     The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of KAL.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

31.     KAL is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff or its agents, servants or employees.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

32.     Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff is barred from recovering any such damages from KAL.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

33.    The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by KAL, or by a person for whom KAL is responsible.

WHEREFORE, defendant KAL demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated:  New York, New York
        August 27, 2007


                            CLYDE & CO US LLP


                            By: _____
                               Andrew J. Harakas (AH 3515)
                               The Chrysler Building
                               405 Lexington Avenue
                               New York, New York 10174
                               (212) 710-3900

                               Attorneys for Defendant
                               KOREAN AIR LINES CO., LTD.


To:    Thomas M. Eagan
       Maloof Browne & Eagan LLC
       411 Theodore Freund Avenue
       Rye, New York 10580
       (914) 921-1200
       Attorneys for Plaintiff

       Hankyu Express International Co., Ltd.
       c/o Hankyu International Transport (USA), Inc.
       Cargo Building # 75
       JFK International Airport
       Jamaica, New York 11367


                            8

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

      Mariana Nannarone, being duly sworn, deposes and says that deponent is not a party of

this action, is over 18 years of age and resides in Brooklyn, New York.  On August 27, 2007

deponent served the within **ANSWER** upon:

      Thomas M. Eagan
      Maloof Browne & Eagan LLC
      411 Theodore Freund Avenue
      Rye, New York 10580
      (914) 921-1200
      Attorneys for Plaintiff

      Hankyu Express International Co., Ltd.
      c/o Hankyu International Transport (USA), Inc.
      Cargo Building # 75
      JFK International Airport
      Jamaica, New York 11367

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof

enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Postal Service within the State of New York.

                                       _____
                                       Mariana Nannarone

Sworn to before me this
27th day of August, 2007

_____
      Notary Public

        PATRICIA A. DONNELLY
     Notary Public, State of New York
         No. 01DO5087441
      Qualified in New York County
   Commission Expires Nov. 30, 2009