✎AO 441  (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

PLAINTIFF
   Sompo Japan Insurance Company of America

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

   Korean Air Lines Co., Ltd.

Case Number:   07-CV-6476 (JGK) (THK)

V. THIRD PARTY DEFENDANT

   International Cargo Marketing Consultants, Inc.
   d/b/a Alliance Airlines

To: Name and address of Third Party Defendant

   International Cargo Marketing Consultants, Inc. d/b/a Alliance Airlines
   P.O. Box 66751
   AMF O'Hare International Airport - Cargo Building 517
   Chicago, Illinois 60660-0751

   **YOU ARE HEREBY SUMMONED** and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Thomas M. Eagan<br>Maloof Browne & Eagan LLC<br>411 Theodore Freund Avenue, Suite 190<br>Rye, New York 10580<br>(914) 921-1200 | Andrew J. Harakas<br>Clyde & Co US LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, New York 10174<br>(212) 710-3900 |

an answer to the third-party complaint which is served on you with this summons, within _____20_____ days after
the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken
against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy
of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1)
this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment
against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil
Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim
of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court
within a reasonable period of time after service.

J. MICHAEL MCMAHON

SEP 1 0 2007

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

✎AO 441  (Rev. 8/01)  Third Party Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant.  Place where served:

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL   $0.00 |

| DECLARATION OF SERVER |
|---|

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
              Date             *Signature of Server*

                  _____
                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x    AH-3515

SOMPO JAPAN INSURANCE COMPANY                      :
OF AMERICA,
                                                   :

              Plaintiff,                 :    07-CV-6476 (JGK) (THK)

    - against -                               :    **THIRD-PARTY COMPLAINT**

HANKYU EXPRESS INTERNATIONAL                       :
CO., LTD., and KOREAN AIR LINES CO.,               :
LTD.,
                                                   :

            Defendants.                    :
------------------------------------------------------------x

KOREAN AIR LINES CO., LTD.,                        :

         Third-Party Plaintiff,           :    Third-Party Index No.:

    - against -                               :

INTERNATIONAL CARGO MARKETING                      :
CONSULTANTS, INC. d/b/a Alliance Airlines,
                                                   :

       Third-Party Defendant.             :
------------------------------------------------------------x

RECEIVED
SEP 10 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Defendant/Third-Party Plaintiff, KOREAN AIR LINES CO., LTD. (hereinafter "KAL"),

complaining through their attorneys, CLYDE & CO US LLP, allege the following against third-

party defendant, INTERNATIONAL CARGO MARKETING CONSULTANTS, INC. d/b/a

Alliance Airlines (hereinafter "ALLIANCE AIRLINES"):

      1.    KAL is a defendant in an action commenced by SOMPO JAPAN INSURANCE

COMPANY OF AMERICA ("SOMPO"), by service of a summons and complaint dated July 17,

2007.  A copy of the Complaint is annexed hereto as Exhibit "A."

2. SOMPO claims that a shipment of automotive component parts transported from Tokyo, Japan to Atlanta, Georgia pursuant to KAL air waybill number 180-5027-6041 was damaged during transportation.

3. At all times hereinafter mentioned, ALLIANCE AIRLINES was a foreign corporation duly authorized to do business in the State of New York.

4. At all times hereinafter mentioned, ALLIANCE AIRLINES had a contract with KAL to provide certain ground handling services at Atlanta Hartsfield International Airport, Atlanta, Georgia.

5. Pursuant to said agreement, ALLIANCE AIRLINES came into possession of the shipment of automotive component parts.

6. To the extent any damage occurred during transportation from Tokyo, Japan to Atlanta, Georgia, it occurred while in custody and possession of ALLIANCE AIRLINES.

7. If SOMPO was caused to sustain damages as alleged in the complaint due to other than its own negligence, carelessness and recklessness, any such damages were sustained as the result of the primary, active, intentional, negligent, careless and/or reckless acts, omissions, commissions, and/or breach of contract on the part of ALLIANCE AIRLINES; the negligence and/or intentional acts on the part of KAL, if any, being secondary and/or derivative only.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALLIANCE AIRLINES

8. KAL repeats and realleges each and every allegation contained in paragraphs 1 through 7 of this Third-Party Complaint as if set forth in full herein.

9. If SOMPO sustained the damages as alleged in the Complaint, such damages were caused solely by reason of the negligence of ALLIANCE AIRLINES without any negligence or culpable conduct on the part of KAL contributing thereto.

2

10.    That by reason of the foregoing, should any judgment be recovered against KAL for the damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent and/or culpable acts or omissions of ALLIANCE AIRLINES, or its agents, servants or employees, and KAL therefore is entitled to full indemnity from ALLIANCE AIRLINES in an amount equal to the total sum of any such judgment, together with the costs and disbursements of the within action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALLIANCE AIRLINES

11.    KAL repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this Third-Party Complaint as if set forth in full herein.

12.    If SOMPO sustained the damages as alleged in the Complaint, such damages were caused in substantial part, by the negligence of ALLIANCE AIRLINES.

13.    That by reason of the foregoing, should any judgment be recovered against KAL for the damages alleged in the Complaint, such liability will have been brought about or caused in substantial part by the careless, negligent or culpable acts or omissions of ALLIANCE AIRLINES, or its agents, servants or employees, and KAL therefore is entitled to contribution from ALLIANCE AIRLINES in accordance with their relative culpability for SOMPO's injuries, losses or damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ALLIANCE AIRLINES

14.    KAL repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Third-Party Complaint as if set forth in full herein. A copy of the Agreement is annexed hereto as Exhibit "B".

15.    At all relevant times, there was in effect between KAL and ALLIANCE AIRLINES a Standard Ground Handling Agreement (hereinafter the "Agreement") for certain premises at Atlanta Hartsfield International Airport, Atlanta, Georgia.

16.    Section 9.1 of Annex B to the Agreement provides:

Notwithstanding Article 8 of the Main Agreement, in the event of irregularity of, damage to, or loss of cargo being handled by [ALLIANCE AIRLINES] pursuant to this Annex B and caused by [ALLIANCE AIRLINES], [ALLIANCE AIRLINES] shall be liable to [KAL] for such loss and damage.

17.    Upon information and belief, the damages alleged to have been sustained by SOMPO, if sustained, occurred while the shipment was being handled by ALLIANCE AIRLINES and were caused by or attributable to ALLIANCE AIRLINES.

18.    That by reason of the foregoing, KAL therefore is entitled to full indemnity from ALLIANCE AIRLINES in an amount equal to the total sum of any such judgment which SOMPO may recover against KAL, together with the costs and disbursements of the within action, including all attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST ALLIANCE AIRLINES

19.    KAL repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this Third-Party Complaint as if set forth in full herein.

20.    Section 6.1 of Annex B to the Agreement provides in pertinent part:

[ALLIANCE AIRLINES] shall, at its own cost and expense, procure and maintain in full force and effect during the term of the Agreement a policy or policies of insurance of the types described below and in the amounts normally and reasonable carried by [ALLIANCE AIRLINES] which covers [ALLIANCE AIRLINE'S] performance of the services pursuant to this Agreement.

Each policy procured and maintained by [ALLIANCE AIR] pursuant to this Paragraph shall name [KAL], its officers, agents and employees as additional insured thereunder with respect to liability arising out of the performance of the services . . . .

4

21.    Pursuant to Section 6.1 of Annex B to the Agreement, ALLIANCE AIR was obligated to procure and maintain in effect a policy of insurance naming KAL as an additional insured with respect to liability arising out of the performance of services pursuant to the Agreement.

22.    Upon information and belief, ALLIANCE AIR did not procure and maintain in effect a policy of insurance naming KAL as an additional insured as required by Annex B to the Agreement.  To the extent ALLIANCE AIR did not procure and maintain such a policy of insurance naming KAL as an additional insured, ALLIANCE AIR breached said Agreement and KAL is entitled to judgment over and against ALLIANCE AIR for any damages sustained by KAL by reason of said breach, including any costs, including attorneys' fees incurred in defending the underlying claims by SOMPO.

WHEREFORE, in the event the SOMPO recovers a judgment against KAL, KAL demands judgment over and against ALLIANCE AIR for the full amount for which KAL is found to be liable to SOMPO, together with all costs and expenses, including attorneys' fees, incurred by KAL, interest, and such other relief as this Court may deem appropriate.

5

Dated:  New York, New York
        September 10, 2007

                                        CLYDE & CO US LLP


                                        By: _Andrew J. Harakas_____
                                             Andrew J. Harakas (AH 3515)
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        (212) 710-3900

                                        Attorneys for Defendant/Third-Party Plaintiff
                                        KOREAN AIR LINES CO., LTD.

To:   International Cargo Marketing Consultants, Inc.
      d/b/a Alliance Airlines
      P.O. Box 66751
      AMF O'Hare International Airport - Cargo Building 517
      Chicago, Illinois 60666-0751

      Thomas M. Eagan
      Maloof Browne & Eagan LLC
      411 Theodore Freund Avenue, Suite 190
      Rye, New York 10580
      (914) 921-1200
      Attorneys for Plaintiff

      Hankyu Express International Co., Ltd.
      c/o Hankyu International Transport (USA), Inc.
      Cargo Building # 75
      JFK International Airport
      Jamaica, New York 11367

# EXHIBIT A

ℛAO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern | District of | New York |

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA

**SUMMONS IN A CIVIL ACTION**

V.

HANKYU EXPRESS INTERNATIONAL CO.,
LTD., and KOREAN AIR LINES CO., LTD.,

CASE NUMBER:

# 07 CIV. 6476

# JUDGE KOELTL

TO: (Name and address of Defendant)

Hanku Express International Co. Ltd.
c/o Hanku International Transport (USA), Inc.
Cargo Building #75
JFK International Airport
Jamaica, New York 11367

Korean Air Lines, Co., Ltd.
c/o Jong E Lee
609 5th Avenue
New York, NY 10017

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave
Rye, NY 10580     1. 914. 921. 1200

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. Michael McMahon

CLERK

(BY) DEPUTY CLERK

DATE     JUL 1 7 2007

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE1713)
MALOOF BROWN & EAGAN LLC
411 Theodore Fremd Avenue -Suite 190
Rye, New York 10580
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF
AMERICA

                              Plaintiff,

        - against -

HANKYU EXPRESS INTERNATIONAL CO.,
LTD., and KOREAN AIR LINES CO., LTD.,

                              *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



07 CIV. 6476

COMPLAINT

JUDGE KOELTL

       Plaintiff, Sompo Japan Insurance Company of America (hereinafter "Sompo" or "Plaintiff"), by its attorneys, Maloof, Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

       1.    This Court had subject matter jurisdiction pursuant to the Warsaw Convention, as amended (a treaty of the U.S.) enacted in this country at 49 U.S.C. § 40105 ("Warsaw Convention"), and/or The Convention for Unification of Certain Rules of International Carriages by air 1999 ("Montreal Convention"), supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and/or, a statute of the United States regulating commerce (49 U.S.C. 14706), and or federal common law to 28 U.S.C. § 1331.

1

2.      At all times material hereto, the Plaintiff was and is a corporation
organized and existing under and by virtue of the laws of New York and was the insurer of the
Shipments which are the subject matter of this action.

3.      Upon information and belief, Defendant Hankyu Express International
Co., Ltd. ("Hankyu") is a foreign corporation organized and existing under and by virtue of the
laws of a foreign nation and was and is at relevant times engaged in business as a common
carrier of goods by air for hire.

4.      Upon information and belief, Defendant Korean Air Lines, Co., Ltd.,
("KAL") is a foreign corporation organized and existing under the laws of Korea, with its
primary place of business in Seoul, Korea and was and is at relevant times engaged in business
as a common carrier of goods by air for hire.

A. JULY SHIPMENT

5.      On or about July 20, 2005 there was delivered unto KAL and Hankyu at
Tokyo, Japan a shipment of 2,400 PCS Automotive Component Parts (the "July Shipment"), all
then being in good order and condition. KAL and Hankyu then and there accepted the July
Shipment so delivered unto it. In consideration of certain agreed freight charges thereupon paid
or agreed to be paid, KAL and Hankyu further agreed to transport and carry said July Shipment
to Atlanta, Georgia by air, and there deliver same in like good order and condition to Plaintiff's
assured or its designee. The cargo was further described in certain Air Waybills numbered HEI-
30020594 and 180-5027 6041 issued by Hankyu and KAL respectively.

6.      The said July Shipment did not arrive at its destination in like good order
and condition as when shipped, delivered to and received by KAL and Hankyu, but on the

2

contrary, was damaged and seriously impaired in value, all in violation of KAL and Hankyu's obligation and duties as common carriers by air and/or otherwise.

7.    KAL and Hankyu, upon information and belief, acted negligently, recklessly and/or engaged in willful misconduct in that they acted with willful, wanton, and reckless disregard for the safekeeping of the July Shipment within the meaning of the Warsaw Convention or otherwise, because they or their agents knowingly or recklessly permitted the July Shipment to be damaged.

8.    Plaintiff insured the July Shipment and paid certain damages incurred by its assured due to the July Shipment having been damaged by KAL and Hankyu. Plaintiff brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said July Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

9.    Plaintiff and its assured have performed all conditions on their parts to be performed.

10.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be U.S. $18,000.

B. OCTOBER SHIPMENT

11.    On or about October 12, 2005 there was delivered unto Hankyu at Tokyo, Japan a shipment of 1,920 PCS Automotive Component Parts (the "October Shipment"), all then being in good order and condition. Hankyu then and there accepted the October Shipment so delivered unto it. In consideration of certain agreed freight charges thereupon paid or agreed to

3

be paid, Hankyu further agreed to transport and carry said October Shipment to Atlanta, Georgia by air, and there deliver same in like good order and condition to Plaintiff's assured or its designee. The cargo was further described in a certain Air Waybill numbered HEI-30028592 issued by Hankyu.

12.    The said October Shipment did not arrive at its destination in like good order and condition as when shipped, delivered to and received by Hankyu, but on the contrary, was damaged and seriously impaired in value, all in violation of Hankyu's obligation and duties as a common carrier by air and/or otherwise.

13.    Hankyu, upon information and belief, acted negligently, recklessly and/or engaged in willful misconduct in that it acted with willful, wanton, and reckless disregard for the safekeeping of the October Shipment within the meaning of the Warsaw Convention or otherwise, because it or its agents knowingly or recklessly permitted the October Shipment to be damaged.

14.    Plaintiff insured the October Shipment and paid certain damages incurred by its assured due to the October Shipment having been damaged by Hankyu. Plaintiff brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said October Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

15.    Plaintiff and its assured have performed all conditions on their parts to be performed.

16.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a

4

sum estimated to be U.S. $10,000.

C. SEPTEMBER SHIPMENT

17.    On or about September 14, 2005 there was delivered unto Hankyu at Tokyo, Japan a shipment of 1,920 PCS Automotive Component Parts (the "September Shipment"), all then being in good order and condition. Hankyu then and there accepted the September Shipment so delivered unto it. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Hankyu further agreed to transport and carry said September Shipment to Atlanta, Georgia by air, and there deliver same in like good order and condition to Plaintiff's assured or its designee. The cargo was further described in a certain Air Waybill numbered HEI-30025763 issued by Hankyu.

18.    The September Shipment did not arrive at its destination in like good order and condition as when shipped, delivered to and received by Hankyu, but on the contrary, was damaged and seriously impaired in value, all in violation of Hankyu's obligation and duties as a common carrier by air and/or otherwise.

19.    Hankyu, upon information and belief, acted negligently, recklessly and/or engaged in willful misconduct in that it acted with willful, wanton, and reckless disregard for the safekeeping of the September Shipment within the meaning of the Warsaw Convention or otherwise, because it or its agents knowingly or recklessly permitted the September Shipment to be damaged.

20.    Plaintiff insured the September Shipment and paid certain damages incurred by its assured due to the September Shipment having been damaged by Hankyu. Plaintiff brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by

5

the said September Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

21.    Plaintiff and its assured have performed all conditions on their parts to be performed.

22.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be U.S. $18,000

### FIRST CAUSE OF ACTION
### AS TO THE JULY SHIPMENT
### BREACH OF CONTRACT AND/OR
### DUTIES UNDER THE WARSAW CONVENTION
### AND/OR THE MONTREAL CONVENTION
### OR OTHER TREATIES OF THE UNITED STATES
### (As Against KAL and Hankyu)

23.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 22 above.

24.    By reason of the foregoing, KAL and Hankyu are or acted as common carriers of merchandise by air in international transportation for hire within the meaning of the Warsaw Convention and/or the Montreal Convention and/or other applicable treaties and/or the contract of carriage and breached said duties under said Conventions and under the contract of carriage.

25.    By reason of the foregoing, KAL and Hankyu have caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

6

## SECOND CAUSE OF ACTION
## AS TO THE JULY SHIPMENT
## BREACH OF BAILMENT OBLIGATIONS
### (As Against KAL and Hankyu)

26    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 25 above.

27.    KAL and Hankyu were acting as bailees of or otherwise had a duty to care for the July Shipment at the times it was damaged. KAL and Hankyu were thereby, or through their contractors, agents, servants, or sub-bailees, parties who warranted and had a legal duty to safely keep, care for, and deliver the said July Shipment in the same condition as when entrusted to them and to perform their services as party or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. KAL and Hankyu breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the July Shipment in as good condition as when entrusted to them.

28.    By reason of the foregoing, KAL and Hankyu have caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

## THIRD CAUSE OF ACTION
## AS TO THE JULY SHIPMENT
## NEGLIGENCE
### (As Against KAL and Hankyu)

29.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 - 28 above.

30.    KAL and Hankyu by their negligence, damaged the July Shipment. KAL and Hankyu therefore negligently failed to deliver the July Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to them.

7

31.    By reason of the foregoing, KAL and Hankyu have caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

### FOURTH CAUSE OF ACTION
### AS TO THE OCTOBER SHIPMENT
### BREACH OF CONTRACT AND/OR
### DUTIES UNDER THE WARSAW CONVENTION
### AND/OR THE MONTREAL CONVENTION
### OR OTHER TREATIES OF THE UNITED STATES
### (As Against Hankyu Only)

32.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 31 above.

33.    By reason of the foregoing, Hankyu is or acted as a common carrier of merchandise by air in international transportation for hire within the meaning of the Warsaw Convention and/or the Montreal Convention and/or other applicable treaties and/or the contract of carriage and breached said duties under said Conventions and under the contract of carriage.

34.    By reason of the foregoing, Hankyu has caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $10,000.

### FIFTH CAUSE OF ACTION
### AS TO THE OCTOBER SHIPMENT
### BREACH OF BAILMENT OBLIGATIONS
### (As Against Hankyu Only)

35.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 34 above.

36.    Hankyu was acting as a bailee of or otherwise had a duty to care for the October Shipment at the times it was damaged. Hankyu was thereby, or through its contractors,

agents, servants, or sub-bailees, a party who warranted and had a legal duty to safely keep, care

for, and deliver the said October Shipment in the same condition as when entrusted to it and to

perform its services as party or to ensure that those services were performed with reasonable care

and in a non-negligent and workmanlike manner. Hankyu breached those obligations and

negligently failed to deliver to Plaintiff's assured or its designee the October Shipment in as good

condition as when entrusted to it.

37.     By reason of the foregoing, Hankyu has caused damage to Plaintiff and to

the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $10,000.

SIXTH CAUSE OF ACTION
AS TO THE OCTOBER SHIPMENT
NEGLIGENCE
(As Against Hankyu Only)

38. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 37

above.

39.     Hankyu by its negligence, damaged the October Shipment. Hankyu

therefore negligently failed to deliver the October Shipment to Plaintiff's assured, or its

designee, in as good condition as when entrusted to it.

40.     By reason of the foregoing, Hankyu has caused damage to Plaintiff and to

the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $10,000.

SEVENTH CAUSE OF ACTION
AS TO THE SEPTEMBER SHIPMENT
BREACH OF CONTRACT AND/OR
DUTIES UNDER THE WARSAW CONVENTION
AND/OR THE MONTREAL CONVENTION
OR OTHER TREATIES OF THE UNITED STATES
(As Against Hankyu Only)

41.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 40 above.

42.    By reason of the foregoing, Hankyu is or acted as a common carrier of merchandise by air in international transportation for hire within the meaning of the Warsaw Convention and/or the Montreal Convention and/or other applicable treaties and/or the contract of carriage and breached said duties under said Conventions and under the contract of carriage.

43.    By reason of the foregoing, Hankyu has caused damage to Plaintiff and the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

EIGHTH CAUSE OF ACTION
AS TO THE SEPTEMBER SHIPMENT
BREACH OF BAILMENT OBLIGATIONS
(As Against Hankyu Only)

44.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 43 above.

45.    Hankyu was acting as a bailee of or otherwise had a duty to care for the September Shipment at the times it was damaged. Hankyu was thereby, or through its contractors, agents, servants, or sub-bailees, a party who warranted and had a legal duty to safely keep, care for, and deliver the said September Shipment in the same condition as when entrusted to it and to perform its services as party or to ensure that those services were performed with

10

reasonable care and in a non-negligent and workmanlike manner. Hankyu breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the September Shipment in as good condition as when entrusted to it.

46.     By reason of the foregoing, Hankyu has caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

**NINTH CAUSE OF ACTION**
**AS TO THE SEPTEMBER SHIPMENT**
**NEGLIGENCE**
(As Against Hankyu Only)

47. Plaintiff incorporates herein by reference the allegations of paragraphs 1 - 46 above.

48.     Hankyu by its negligence, damaged the September Shipment. Hankyu therefore negligently failed to deliver the September Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

49.     By reason of the foregoing, Hankyu has caused damage to Plaintiff and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $18,000.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendants, for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

11

3.     That this Court will grant to Plaintiff such other and further relief as may
be just and proper.


Dated: Rye, New York
       July 17, 2007



                                        MALOOF BROWNE & EAGAN LLC

                                        By: _____
                                            David T. Maloof (DM 3350)
                                            Thomas M. Eagan (TE 1713)
                                        411 Theodore Fremd Avenue—Suite 190
                                        Rye, New York 10580
                                        *Attorneys for Plaintiff*


F:\WP-DOCS\2503\87071007 Complaint.doc


                                        12

# EXHIBIT B

# KOREAN AIR CARGO

# ALLIANCE AIR
The Cargo Service Company

## IATA STANDARD GROUND HANDLING AGREEMENT

STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE
Annex B - Location(s), Agreed Services and Charges

to the standard Ground Handling Agreement (SGHA) of January 2004

| | |
|---|---|
| between: | **KOREAN AIRLINES (KE)** |
| having its principal office at: | 1370 Gonhang-Dong<br>Gangseo-GU<br>Seoul, Korea |

and hereinafter referred to as "the Carrier"

| | |
|---|---|
| and: | **ALLIANCE AIR (3A)** |
| having its principal office at: | Cargo Building 517<br>P.O. Box 66751<br>AMF O'Hare International Airport<br>Chicago, Illinois 60666-0751 |

and hereinafter referred to as "the Handling Company"
effective from:

| | |
|---|---|
| This Annex B for the location(s): | **ALLIANCE AIR (3A)**<br>Atlanta Hartsfield International Airport<br>Atlanta, Georgia |
| is valid from: | April 1, 2005 – March 31, 2007 |
| and replaces: | Annex B 2.1 and its Addendum (Valid through December 31, 2004) |

**PREAMBLE:**

This Annex B is prepared in accordance with the simplified procedure whereby the Parties agree
that the terms of the Main Agreement and Annex A of the SGHA of January 2004 as published
by the International Air Transport Association shall apply as if such terms were repeated here in
full. By signing this Annex B, the parties confirm that they are familiar with aforementioned Main
Agreement and Annex A.

1

# KOREAN AIR CARGO    ALLIANCE AIR
The Cargo Service Company

**PARAGRAPH 1. HANDLING CHARGES**

a) For Freight Terminal Handling of the Carrier's air freight, consisting of the arrival and subsequent departure at agreed timings of the same aircraft or truck, the Handling Company shall provide the following services of Annex A:

| | | |
|---|---|---|
| **SECTION 1**<br>Items | **REPRESENTATION, ADMINISTRATION AND SUPERVISION**<br>1.1.1, 1.1.2, 1.1.3, 1.1.4, 1.2.1, 1.2.2, 1.2.3, 1.2.4, 1.2.6 (a, b), 1.3.1, 1.3.2, 1.3.3, 1.3.4, 1.3.5, 1.3.6, 1.3.7, 1.3.8. | |
| **SECTION 2**<br>Items | **PASSENGER SERVICES**<br>NONE | |
| **SECTION 3**<br>Items | **RAMP SERVICES**<br>NONE | |
| **SECTION 4**<br>Items | **LOAD CONTROL, COMMUNICATIONS AND FLIGHT OPERATIONS**<br>4.1.1, 4.2.1, 4.2.2 | |
| **SECTION 5**<br>Items | **CARGO AND MAIL SERVICES**<br>5.1.1, 5.1.2, 5.1.3, 5.1.4, 5.1.5, 5.1.6,<br>5.2.1, 5.2.2, 5.2.3, 5.2.4, 5.3.1, 5.3.2, 5.3.3, 5.3.4 (a), 5.3.5<br>5.4.1, 5.4.2, 5.4.3, 5.5.1(d, e), 5.5.2, 5.5.3, 5.5.4, 5.5.5, 5.5.6, 5.6.1, 5.6.2, 5.6.3, 5.6.4, 5.7.7 (b, 1,2), 5.7.8 | |
| **SECTION 6**<br>Items | **SUPPORT SERVICES**<br>6.2.2 (a, 7, 8), 6.3.1, 6.7.1 (a, b, 3, 4, 5, a, b, c), 6.7.2 | |
| **SECTION 7**<br>Items | **SECURITY**<br>7.2.1 (a, b, 1, 2, 3, 4, 5), 7.5.1 (b) | |
| **SECTION 8**<br>Items | **AIRCRAFT MAINTENANCE**<br>NONE | |

2

SGHA 3A - 4/11/2005

# K⊙REAN AIR CARGO     ALLIANCE AIR
The Cargo Service Company

1.1.1    For the services listed in Paragraph 1.1, a charge of:

USD $0.0847 shall apply.

Volume Incentive will consist of:

| | | |
|---|---|---|
| 0 – 29,000 Ton | USD 0.0847 | Base rate 3% off previous year |
| 29,000-34,000 Ton | USD 0.0805 | |
| Over 34,000 Ton | USD 0.0728 | |

For the purpose of calculation, "weight" shall mean manifest weight, which is same as the Gross Weight shown on the Carrier's cargo manifest and air waybills, excluding non-revenue shipments and mail.

For all weight calculation, 1 kilogram=2.2046 pounds.

1.1.2    Dangerous Goods will be accepted by the Handling Company trained personnel in accordance with the latest edition of the IATA "Dangerous Goods Regulations" and the Carrier's special instructions.

1.1.3    The Handling Company will retain all import service charges. All storage charges in connection with warehousing and/or all terminal service fees collected by the Handling Company shall be retained by the Handling Company.   BUC Breakdown charges, Dangerous Goods Handling Charges, and Air Waybill Preparation Charges will be accrued to the Carrier's account.

1.1.4    Any rate increase of import Service Fees and Storage Charges by the Handling Company shall be subject to the Carrier's prior written consent.

1.1.5    Supplies for ULD build-up of export freight, such as plastic cover, shrink-wrap, skids, etc. will be provided by the Handling Company, included in the rates above.

1.1.6    During the term of this Agreement, the Handling Company will provide a minimum of 35,000 square feet of dedicated warehouse space and 4,717 square feet of exclusively dedicated office space to the Carrier at ATL, at no additional charge.

→ The above charge includes utilities and cleaning services. The responsible party for additional expenses which is incurred from special requirements of the Carrier will be discussed between the Carrier and the Handling Company.  All reconstruction work on the Handling Company's premises must be approved by the Handling Company, and must be conducted by vendors that are designated by the Handling Company.

1.1.7    The Handling Company will clear the Company Materials (COMAT) of the Carrier at no additional cost.

3

SGHA 3A – 4/11/2005

# KOREAN AIR CARGO    ALLIANCE AIR
The Cargo Service Company

1.1.8   The Carrier may display its signage and corporate logo on the Handling Company's handling facility's at its own expense and responsibility. All signs must be approved by the Handling Company before they are displayed.

1.1.9   The Carrier shall provide the necessary computer equipment for the Handling Company to perform handling services. The Handling Company will maintain the system in good condition. Any normal maintenance or repair on Carrier's account.

## PARAGRAPH 2  ADDITIONAL CHARGES

2.1   No extra charge shall be made for providing the services at night, on Saturdays, Sundays, or legal holidays.

2.2   No extra charge shall be applied to the Carrier by the Handling Company due to the cancellation of the Carrier's flight or truck.

## PARAGRAPH 3 DISBURSEMENTS

3.1   The charges in Paragraph 1 of this Annex do not include disbursements which may arise to the Handling Company in connection with the services provided for the Carrier. The Carrier will reimburse the Handling Company for such disbursements at cost price plus an accounting surcharge of ten percent (10%).

## PARAGRAPH 4 SPECIAL REQUIREMENTS OF THE CARRIER
See appendix: *Service Level Agreement*

## PARAGRAPH 5 SETTLEMENT

5.1   Notwithstanding Sub-Article 7.2 of the main agreement, settlement of accounts hereunder shall be effected twice monthly through local settlement and payable within 30 days from receipt. The Carrier will make payment to the Handling Company via electronic bank transfers.'

## PARAGRAPH 6  INSURANCE

6.1   The Handling Company shall, at its own cost and expense, procure and maintain in full force and effect during the term of the Agreement a policy or policies of insurance of the types described below and in the amounts normally and reasonable carried by the Handling Company which covers the Handling Company's performance of the services pursuant to this Agreement.

Each policy procured and maintained by the Handling Company pursuant to this Paragraph shall name the Carrier, its officers, agents and employees as additional insured thereunder with respect to liability arising out of the performance of the services pursuant to the

Agreement shall contain appropriate cross-liability provisions and shall contain a 30 days advance written notice of cancellation clause.

4

# KOREAN AIR CARGO    ALLIANCE AIR
The Cargo Service Company

The Handling Company shall supply the Carrier with a certificate or certificates evidencing such insurance as usual and customary inform and substance, which certificate(s) shall be supplied prior to the commencement of the services under this Agreement.

| Types of Insurance | Limits of Liability (Minimum Amounts) | |
| --- | --- | --- |
| | One Person | One Occurrence |
| Comprehensive General Liability | USD $10,000,000 | |
| Airport-related Premises Liability | Statutory Limitations | |
| Automobile Liability | | |
| Contractual Liability | | |
| Personal Injury Including Death | | |
| Public Liability | | |
| Property Damage | | |
| Hanger Keeping Liability | | |
| Worker's Compensation | | |
| Employers Liability | | |

6.2    The Carrier shall procure and maintain, at its own cost, in full force and effect during the term of the Agreement a policy or policies of insurance which covers the Carrier's general liabilities for its own employees, property and people who directly conduct business with the Carrier.

## PARAGRAPH 7  MANPOWER AND MANAGEMENT
See appendix: *Service Level Agreement*

## PARAGRAPH 8  TRAINING
See appendix: *Service Level Agreement*

## PARAGRAPH 9  LIABILITY AND INDEMNITY

9.1    Notwithstanding Article 8 of the Main Agreement, in the event of irregularity of, damage to, or loss of cargo being handled by the Handling Company pursuant to this Annex B and caused by the Handling Company, the Handling Company shall be liable to the Carrier for such loss and damage.

9.2    The Handling Company is accountable to the Carrier for damage or loss of ULD's attributable to the Handling Company.  The Handling Company will provide repair of damages or reimbursement of repair or replacement cost.

5

# KOREAN AIR CARGO    ALLIANCE AIR
The Cargo Service Company

## PARAGRAPH 10  VALIDITY AND ADJUSTMENTS

10.1  This Agreement shall continue in force from April 1, 2005 – March 31, 2007, and will be extended for a period of one (1) year on the anniversary date, unless terminated by either party by at least sixty (60) days written notice to the other party.

10.2  Notwithstanding Sub-Paragraph 9.1 of this Annex, if the Handling Company fails to provide a consistently satisfactory level of service, the Carrier reserves the right to give notice to the Handling Company in writing to correct identified service failures within thirty (30) days.  If the Handling Company fails to correct the situation, the Carrier may terminate the Agreement upon an additional sixty (60) days prior to written notice.

10.3  Notwithstanding the provisions of Sub-Article 11.10 of the Main Agreement, the Handling Company shall not vary the charges set out in the Annex (es) B for two (2) years period.  At the beginning of Year 3 (April 1, 2007) of this Agreement, and each renewal year thereafter, prices shall be adjusted by mutual agreement between the Carrier and the Handling Company.

## PARAGRAPH 11  CONFLICTS BETWEEN TERMS

11.1  In the event of any conflict between the terms of this Annex B 2.1 and any other part of this Agreement, the terms of this Annex B 2.1 shall control them.

Signed the 11th day of April , 2005

at Chicago(ORD)

for and on behalf of

**ALLIANCE AIR**

by:  Scot Berry.
Vice President

Signed the 12TH day of APRIL, 2005

at   Atlanta (ATL)

for and on behalf of

**KOREAN AIR**

by:  IN SANG CHOI
Cargo Manager in Atlanta

6

SGHA 3A - 4/11/2005