090,000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SOMPO JAPAN INSURANCE COMPANY
OF AMERICA,

          Plaintiff,

    -against-

HANKYU EXPRESS INTERNATIONAL CO.,
LTD. and KOREAN AIR LINES CO., LTD.,

          Defendants.
-----------------------------------------------------------X

**ANSWER WITH
CROSS-CLAIM**

07 CV 6476 (JGK)

    Defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., by and through its attorneys, MENDES & MOUNT, LLP, as and for its answer to plaintiff's complaint, dated July 17, 2007, alleges the following:

    1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraphs designated "1", "2", "3", "4", "5", "9", "11", "15", "17" and "21" of the complaint.

    2.    Denies each and every allegation contained in the paragraphs designated "6", "7", "8", "10", "12", "13", "14", "16", "18", "19", "20" and "22" of the complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

    3.    Answering the paragraph designated "23" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

    4.    Denies each and every allegation contained in the paragraphs designated "24" and "25" of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

    5.    Answering the paragraph designated "26" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

    6.    Denies each and every allegation contained in the paragraphs designated "27" and "28" of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

    7.    Answering the paragraph designated "29" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

    8.    Denies each and every allegation contained in the paragraphs designated "30" and "31" of the complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

    9.    Answering the paragraph designated "32" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

    10.    Denies each and every allegation contained in the paragraphs designated "33" and "34" of the complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

11.     Answering the paragraph designated "35" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

12.     Denies each and every allegation contained in the paragraphs designated "36" and "37" of the complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

13.     Answering the paragraph designated "38" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

14.     Denies each and every allegation contained in the paragraphs designated "39" and "40" of the complaint.

### ANSWERING THE SEVENTH CAUSE OF ACTION

15.     Answering the paragraph designated "41" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

16.     Denies each and every allegation contained in the paragraphs designated "42" and "43" of the complaint.

### ANSWERING THE EIGHTH CAUSE OF ACTION

17. Answering the paragraph designated "44" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

18. Denies each and every allegation contained in the paragraphs designated "45" and "46" of the complaint.

### ANSWERING THE NINTH CAUSE OF ACTION

19. Answering the paragraph designated "47" of the complaint, repeats, reiterates and realleges each and every admission and denial hereinbefore made with the same force and effect as if here set forth in full at length.

20. Denies each and every allegation contained in the paragraphs designated "48" and "49" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. That the complaint fails to state a cause of action for which relief may be granted against defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. That this Court lacks subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. That this Court does not have the power to issue injunctive relief in an admiralty action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. That venue is not properly laid in this Court and, as a consequence, the complaint should be dismissed in all respects.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. That this action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. That the damages alleged in the complaint resulted from the acts and/or omissions of third parties for whom defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., is not responsible.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. That the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., was an international transportation and, as such, was governed, controlled and made subject to the terms and provisions of defendants' contract of carriage, its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. That pursuant to the applicable provisions of the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendant, HANKYU EXPRESS INTERNATIONAL

CO., LTD., has no liability to plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29.    That pursuant to the applicable provisions of the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., has no liability to plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30.    That defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., was not negligent and took all necessary measures avoid any loss, damage or delay under the contract of carriage.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31.    That the alleged loss, damage or delay was caused by or contributed to by plaintiff, its agents, servants and/or employees, and not by any acts or omissions by defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32.    That pursuant to the applicable provisions of the contract of carriage of

defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., has no liability to plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33.     That pursuant to the applicable provisions of the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., has no liability to plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34.     That pursuant to the applicable provisions of the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., has no liability to plaintiff or to any other person under the contract of carriage in that

the alleged loss, damage or delay was caused by or contributed to by improper or defective packaging or packing and/or the inherent nature of the merchandise and/or the act of a public authority.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

35.  That pursuant to the applicable provisions of the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., has no liability to plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that the proper written notice of claim herein was not filed with defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., within the applicable time limit and/or suit was not brought within the applicable statute of limitation.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

36.  That pursuant to the applicable provisions of the contract of carriage of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., its tariffs on file with the Department of Transportation of the United States, the Warsaw Convention, the Montreal Convention and/or other governing law, defendants' liability, if any, is limited to an aggregate sum of the particular items of cargo allegedly lost or damaged by defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

37.  That plaintiff failed to mitigate its alleged damages.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

38. That defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., will rely on each and every additional provision of the Warsaw Convention, the Montreal Convention and/or any other governing law, its tariffs, and the terms and conditions of the contract of carriage which tend to limit and/or exclude its liability herein.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

39. That the complaint fails to join an indispensable party or parties needed for a just adjudication.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

40. To the extent that plaintiff or plaintiff's assured has been paid with respect to these claims, the actions are barred.

### AS AND FOR A CROSS-CLAIM

41. That if plaintiff was caused to sustain damages at the time and place alleged in the complaint due to any culpable conduct other than plaintiff's own, and if said damages arose, in whole or in part, from the culpable conduct of defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., and if any judgment is recovered herein by plaintiff against defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., then defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., will be damaged thereby; and, therefore, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., demands judgment for contribution from defendant, KOREAN AIR LINES CO., LTD.; that the respective degrees of negligence and/or culpable conduct of both defendants be ascertained, determined and adjudicated; and that

defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., have judgment over defendant, KOREAN AIR LINES CO., LTD., for all or part of any verdict or judgment obtained by plaintiff against defendant, KOREAN AIR LINES CO., LTD.

42. That if plaintiff sustained damages as alleged in the complaint, such damages were caused, in whole or in part, by the culpable conduct or purposeful acts and/or omissions of defendant, KOREAN AIR LINES CO., LTD.; therefore, if plaintiff recovers any sum or judgment against defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., then defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., will be damaged thereby; and, therefore, defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., is entitled to indemnification from defendant, KOREAN AIR LINES CO., LTD., for the full amount of any such sum or judgment, including attorney fees, costs and disbursements.

**WHEREFORE,** defendant, HANKYU EXPRESS INTERNATIONAL CO., LTD., demands judgment dismissing the complaint, together with costs, disbursements, interest and attorneys' fees.

**Dated:** New York, New York
September 10, 2007

Yours, etc.,

MENDES & MOUNT, LLP
Attorneys for Defendant
HANKYU EXPRESS INTERNATIONAL CO., LTD.
750 Seventh Avenue
New York, NY 10019-6829
(212) 261-8000

By: _____
Kevin J. Philbin
(KJP-3606)

10

**To:** MALOOF BROWNE & HAGAN LLC
Attorneys for Plaintiff
411 Theodore Fremd Avenue – Suite 190
Rye, NY 10580
(914) 921-1200

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, the foregoing ANSWER WITH CROSS-CLAIM was duly served by depositing a true and correct copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to:

Maloof Browne & Hagan LLC
411 Theodore Fremd Avenue – Suite 190
Rye, NY 10580

                                                   _____
                                                   Kevin J. Philbin
                                                   (KJP-3606)