UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | : Chapter 11 Case No. |
| DELTA AIR LINES, INC., et al., | : 05-17923 (ASH) |
| Debtors. | : (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF (I) ENTRY OF ORDER CONFIRMING DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; (II) OCCURRENCE OF EFFECTIVE DATE AND (III) BAR DATES FOR FILING CERTAIN POST-PETITION CLAIMS

1.    **Confirmation of the Plan.**  On April 25, 2007, the United States Bankruptcy Court for the Southern District of New York entered an order (the "**Confirmation Order**") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")[1] confirming the Debtors' Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as confirmed, the "**Plan**").  Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan or the Confirmation Order, as applicable.  The Plan and the Confirmation Order are available on the Debtors' case information website at www.deltadocket.com or by written request to the Debtors' Claims Agent, Bankruptcy Services, LLC, 757 Third Avenue, Third Floor, New York, NY 10017, Attn: James Katchadurian and Bob Saraceni.

2.    **Effective Date.**  On April 30, 2007, the Effective Date of the Plan occurred.

3.    **Discharge and Injunction.**  Pursuant to Section 13.3 of the Plan, except as otherwise specifically provided in the Plan or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made under the Plan discharged all existing debts and Claims, and terminated all Interests of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code.  Except as otherwise specifically provided in the Plan or in the Confirmation Order, upon the Effective Date, all existing Claims against the Debtors and Interests in the Debtors were, and were deemed to be, discharged and terminated, and all holders of Claims and Interests (and all representatives, trustees or agents on behalf of each holder) are precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees, or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a Proof of Claim and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.

Upon the Effective Date and in consideration of the distributions to be made under the Plan, except as otherwise provided in the Plan or the Confirmation Order, each holder (as well as any representatives, trustees or agents on behalf of each holder) of a Claim or Interest and any Affiliate of such holder was deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities that arose prior to the Effective

---

[1] The Debtors are the following entities:  Delta Air Lines, Inc.; ASA Holdings, Inc.; Comair, Inc.; Comair Holdings, LLC; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, LLC; Kappa Capital Management, Inc.; and Song, LLC.

Date. Upon the Effective Date, all such persons were forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtors.

**4.      Bar Dates.**

a.      <u>Other Administrative Claim Bar Date</u>. Pursuant to Section 8.2 of the Plan, all requests for payment of Other Administrative Claims that accrued after the Petition Date of September 14, 2005 but before the Effective Date (other than Professional Fee Claims, which are subject to the provisions of Section 8.1 of the Plan) must be filed with the Claims Agent and served on counsel for the Debtors by the Other Administrative Claim Bar Date. The Other Administrative Claim Bar Date is the date that is 30 calendar days after the Effective Date. Accordingly, any requests for payment of Other Administrative Claims pursuant to Section 8.2 of the Plan must be filed with the Claims Agent, Bankruptcy Services, LLC, 757 Third Avenue, Third Floor, New York, NY 10017, Attn: Delta Air Lines, Inc. Claims, and served on counsel for the Debtors, **so as to actually be received on or before 4:00 p.m. (prevailing Eastern Time) on May 30, 2007.** Any requests for payment of Other Administrative Claims pursuant to Section 8.2 of the Plan that are not properly filed and served by the Other Administrative Claim Bar Date shall not appear on the register of Claims maintained by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors or any action by the Bankruptcy Court. Any requests for payment of Other Administrative Claims pursuant to Section 8.2 of the Plan should include at a minimum (i) the name of the Debtor(s) purported to be liable for the Other Administrative Claim, (ii) the name of the holder of the Other Administrative Claim, (iii) the amount of the Other Administrative Claim, (iv) the basis of the Other Administrative Claim and (v) supporting documentation for the Other Administrative Claim.

Notwithstanding the foregoing, requests for payment of Other Administrative Claims need **NOT** be filed with respect to the following types of Other Administrative Claims:

- Those that are required to be paid pursuant to Section 10.4(e) of the Plan
- Those that are on account of post-petition taxes (including any related penalties or interest) owed by the Debtors or the Reorganized Debtors to any governmental unit (as defined in section 101(27) of the Bankruptcy Code)
- Those that are for obligations incurred in the ordinary course of business by the Debtors (and are not past due)
- Those that have previously been Allowed by Final Order of the Bankruptcy Court
- Those that arise under the DIP Facility or the Amex Post-Petition Facility
- Those that are for personal injury or wrongful death
- Those that are for amounts owed by any of the Debtors under any of their assumed or post-petition insurance policies or related agreements with ACE American Insurance Company or its affiliates
- Those that are for Cure amounts
- Those that the Debtors have otherwise agreed in writing do not require such a filing

b.      <u>Deadline for Submitting Final Fee Applications</u>. Pursuant to Section 8.1 of the Plan, all final requests for payment of Professional Fee Claims must be filed with the Bankruptcy Court and served in accordance with the Case Management Order by the date that is 60 calendar days after the Confirmation Date. Accordingly, all Professional Fee Claims must be filed and served **so as to actually be received on or before June 25, 2007.**

c.      <u>Rejection Bar Date</u>. Pursuant to Section 10.6 of the Plan, any Rejection Claims must be filed with the Claims Agent by the Rejection Bar Date. The Rejection Bar Date is the date that is 30 calendar days after the entry of an order approving the rejection of an executory contract or unexpired lease. Accordingly, if you are a counterparty to (or, in the case of a Rejected Municipal Bond Agreement, the Indenture Trustee for) an executory contract or unexpired lease that has been rejected pursuant to Article 10 of the Plan (whether pursuant to Section 10.1, by being listed on Schedule 10.2(b) or pursuant to Section 10.4 of the Plan), any Rejection Claims must be filed with the Claims Agent, Bankruptcy Services, LLC, 757 Third Avenue, Third Floor, New York, NY 10017, Attn: Delta Air Lines, Inc. Claims, **so as to actually be received on or before May 25, 2007.**

Any Rejection Claim for which a Proof of Claim is not properly filed and served by the Rejection Bar Date shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors or their respective Estates or properties.  The Debtors or Reorganized Debtors and the Post-Effective Date Committee may contest Rejection Claims in accordance with Section 9.1 of the Plan.

Dated:    New York, New York
          April 30, 2007

                              By:    /s/ Marshall S. Huebner
                                     _____
                                     John Fouhey (JF 9006)
                                     Marshall S. Huebner (MH 7800)
                                     Benjamin S. Kaminetzky (BK 7741)
                                     Timothy Graulich (TG 0046)
                                     Damian S. Schaible (DS 7427)

                                     DAVIS POLK & WARDWELL
                                     450 Lexington Avenue
                                     New York, New York 10017
                                     Telephone:    (212) 450-4000
                                     Facsimile:    (212) 450-6539

                                     Attorneys for Debtors and
                                       Debtors in Possession

3